UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 24-15-BAJ-RLB |
| BRANDON J. TAYLOR | |

### ORDER

This matter is before the Court on a Motion to Reopen Detention Hearing. (R. Doc. 44). The motion is opposed. (R. Doc. 46). Within the motion, defendant moves to reopen the issue of detention on the suggestion that new information was received from Kendriyonna Horton, a co-parent with whom the defendant shares three children, indicating defendant does not present a danger to the community.

On February 22, 2024, an Indictment was filed alleging defendant Brandon J. Taylor violated Title 18, United States Code, Section 922(g)(1) for knowingly possessing a firearm following a previous felony conviction. (R. Doc. 1). The defendant was arrested and appeared before the undersigned on May 28, 2024 with appointed counsel present. (R. Doc. 9). The government moved for detention of the defendant under 18 U.S.C. §3142(f)(2)(A) on the basis that the defendant is a risk of flight and 18 U.S.C. §3142(f)(1)(E) as this case involves the possession of a firearm. At the request of the government, the detention hearing and arraignment were rescheduled to June 4, 2024.

On June 4, 2024, a contested detention hearing was held where both the government and defense counsel offered exhibits to the Court. (R. Doc. 12). In addition, two witnesses appeared to testify on behalf of the defendant. As noted in defendant's motion, the Court found that the government did not meet its burden of establishing by clear and convincing evidence that

defendant presented a risk of flight. The Court did find, however, after reviewing the exhibits and hearing the testimony of Monyia Pate and Gabrielle Guillory that there were no conditions or combination of conditions that could reasonably assure the safety of the community and the defendant was ordered detained pending trial.

Pursuant to 18 U.S.C. § 3142(f), this Court may "[R]eopen, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and has a material bearing on the issue of whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any person and the community."

The information the defense seeks to present is not "new" information. *United States v. Hare*, 873 F.2d 796, 799 (5th Cir. 1989). Ms. Horton's observations of the defendant during their relationship, her observations of the defendant discharging a firearm, and her subjective belief of his future risk of harm were all available at the time of the prior hearing. Counsel's failure to ask these questions or call this witness to testify, despite interviewing her prior to the hearing, does not make her anticipated testimony "new."

The Court also notes that the anticipated testimony would not have a material bearing on the decision by the undersigned. Notably, Ms. Horton does not dispute that that the defendant "began discharging a firearm inside the house" and was ""extremely intoxicated." (R. Doc. 44-2). Ms. Horton expresses her subjective belief that she does not live in fear of the defendant and does not believe that he would intentionally harm her or her children.

The decision to detain the defendant was based on the weight of the evidence, the lengthy period of incarceration if convicted, his prior criminal history, his participation in criminal activity while on probation, parole or supervision, his history of violence, history of alcohol or

substance abuse, lack of stable employment, lack of stable residence, prior failure to appear in court, and prior violations of probation, parole or supervised release. The fact that Ms. Horton does not "live in fear" of the defendant or believe that he would "intentionally harm" her or her children is not material to the Court's determination. Her testimony that this conduct is "out of character" for him acknowledges that these events occurred and further supports the weight of the evidence against the defendant.

Accordingly,

**IT IS ORDERED** that the Motion to Reopen Detention (R. Doc. 44) is **DENIED.**

Signed in Baton Rouge, Louisiana, on June 3, 2025.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**