## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS

BRANDON TAYLOR                              NO. 24-00015-BAJ-RLB

### RULING AND ORDER

Before the Court is Defendant Brandon Taylor's **Motion To Dismiss Indictment and to Stay the Proceedings (Doc. 20, the "Motion"),** which raises facial and as-applied constitutional challenges under 18 U.S.C. § 922(g)(1). The United States opposes the Motion. (Doc. 33). For the following reasons, Defendant's Motion will be **DENIED**.

### I.    PROCEDURAL HISTORY

On February 22, 2024, the Grand Jury for the Middle District of Louisiana handed down a one-count Indictment against Defendant Brandon Taylor, which charges Defendant with possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). (Doc. 1).

The Indictment does not describe the details of Defendant's prior felony conviction. (*Id.*). However, the United States has provided information regarding a prior felony conviction (Doc. 33 at 2), and Defendant provided information regarding a second prior conviction punishable by imprisonment for a term exceeding one year. (Doc. 20-1 at 2). First, Defendant was convicted of Simple Burglary, in violation of Louisiana Revised Statutes § 14:62, on March 5, 2013, in the

19th Judicial District Court, East Baton Rouge Parish, Louisiana. (Doc. 33 at 2). Second, Defendant was convicted of theft and attempted theft, also in 2013. (Doc. 20-1 at 2, n.7). The Government identifies the simple burglary conviction as the underlying felony conviction to support the application of § 922(g)(1) to Defendant in this case. (Doc. 33 at 2).

On August 2, 2024, the Court stayed this case pending a ruling in *United States v. Rahimi*, 602 U.S. 680 (2024). (Doc. 23).

On October 18, 2024, Defendant filed a motion to lift the stay and set a briefing schedule regarding the impact of the Fifth Circuit's more recent decision, *United States v. Diaz*, on Defendant's Motion. (Doc. 20). The Court granted Defendants' motion and lifted the stay. (Doc. 30) The Government filed an Opposition to Defendant's Motion to Dismiss. (Doc. 33). Defendant filed a Response. (Doc. 40). The United States filed a Reply. (Doc. 43). For the following reasons, Defendant's Motion will be **DENIED.**

## II.    LEGAL STANDARD

Federal Rule of Criminal Procedure 12 allows parties to "raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1).

Here, Defendant pursues "as applied" and facial challenges to § 922(g)(1). (Doc. 20). "The distinction between as applied and facial challenges is sometimes hazy." *United States v. Perez*, 43 F.4th 437, 443 (5th Cir. 2022) (citation omitted).

2

Generally, however, in an as-applied challenge, the Court assesses whether a law with some permissible uses "is nonetheless unconstitutional as applied to [the defendant's] activity." *Spence v. Washington*, 418 U.S. 405, 414 (1974) (reversing defendant's criminal conviction); *see Street v. New York*, 394 U.S. 576, 594 (1969) (same). By contrast, in a facial challenge, the Court's analysis is considerably broader in scope, assessing whether a law "could ever be applied in a valid manner." *Members of City Council of City of L.A. v. Taxpayers for Vincent*, 466 U.S. 789, 798 (1984).

## III.    DISCUSSION

Since the filing of Defendant's Motion, the United States Supreme Court and the United States Court of Appeals for the Fifth Circuit have provided additional guidance on the constitutionality of 18 U.S.C. § 922(g)(1). The Court discusses such developments below, then analyzes the impact of this jurisprudence on Defendant's Motion.

### A. Second Amendment Jurisprudence.

The Second Amendment provides: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. These twenty-seven words, largely unquestioned since their first utterance, *see* Danny Y. Li, ANTISUBORDINATING THE SECOND AMENDMENT, 132 Yale L.J. 1821, 1846 (2023), have caused considerable consternation among our Nation's courts in the past two decades. The results of this

attention have been dramatic. The Second Amendment was reinterpreted to provide an individual right to firearms, *D.C. v. Heller*, 554 U.S. 570, 595 (2008), the Supreme Court declared that the Second Amendment is no longer a so-called "second-class right," *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 70 (2022), and existing constitutional tests for firearm regulations were upended in favor of extended dives into distant history in search of metaphorical ancestors to present-day legislation. *See United States v. Rahimi*, 602 U.S. 680, 697–701 (2024).

It is from this backdrop that the Court arrives at its current marching orders. When a challenge to firearm legislation is lodged, the Court is required to conduct a two-step analysis: (1) ascertain whether the "Second Amendment's plain text covers [the] individual's conduct," and (2) if the Second Amendment covers the relevant conduct, determine whether the United States has satisfied its burden of showing that "the regulation is consistent with this Nation's historical tradition of firearm regulation." *Bruen*, 597 U.S. 1, 24 (2022). In this process, the Court must not conflate the requirement for a "historical analogue" with a necessity for a "historical twin," or an identical regulation from our Nation's early history. *Rahimi*, 602 U.S. at 701.

The Fifth Circuit has also provided guidance to lower courts on navigating the post-*Bruen* landscape. In *United States v. Diaz*, 116 F.4th 458, 471 (5th Cir. 2024), *cert. denied*, No. 24-6625, 2025 WL 1727419 (U.S. June 23, 2025), the Fifth Circuit held § 922(g)(1) constitutional as applied to a defendant who had prior convictions for car theft, evading arrest, and possessing a firearm as a felon. The Fifth Circuit

4

reasoned that since theft was a felony at the time of the Founding, and since felonies at the time of the Founding were punishable by death, then the non-capital punishment of disarmament is also permissible. *Id.* at 469. The Fifth Circuit further noted the existence of other laws in place at the time of the Founding that disarmed "those who menaced others with firearms," "disrupted the 'public order,'" and pursued actions that "le[d] almost necessarily to actual violence." *Id.* at 470–471 (quoting *Rahimi*, 602 U.S. at 697).

### B. Defendant's Challenges Under 18 U.S.C. § 922(g)(1).

The Court first analyzes Defendant's facial attack on 18 U.S.C. § 922(g)(1) and then turns to Defendant's as-applied challenge to same.

### i.     Defendant's Facial Attack on 18 U.S.C. § 922(g)(1) Fails.

The Court begins with Defendant's facial attack on 18 U.S.C. § 922(g)(1). The Fifth Circuit's decision in *Diaz* forecloses such an attack. To sustain a facial challenge, "the challenger must establish that no set of circumstances exists under which the statute would be valid." *United States v. Salerno*, 481 U.S. 739, 745 (1987). In *Diaz*, the Fifth Circuit ruled that § 922(g)(1) was constitutional as applied to the defendant and thereby ruled that § 922(g)(1) is facially constitutional. *Diaz*, 116 F.4th at 472. Based on Fifth Circuit precedent, Defendant's facial attack on § 922(g)(1) fails.

5

ii. **Defendant's As-Applied Challenge to 18 U.S.C. § 922(g)(1) Fails.**

The Court turns to Defendant's as-applied challenge to 18 U.S.C. § 922(g)(1). Under *Bruen*, the Court must first ascertain whether the "Second Amendment's plain text covers [the] individual's conduct[.]" *Bruen*, 597 U.S. 1, 24 (2022). The Fifth Circuit applied this framework to § 922(g)(1) in *Diaz*. 116 F.4th at 458. *Diaz* considered the defendant's felon status in the second step of the *Bruen* analysis, collapsing the inquiry "into one question: whether the law is consistent with our Nation's history of firearm regulation." *Id.* at 467 (citing *Rahimi*, 602 U.S. at 692). The Fifth Circuit held "[t]he plain text of the Second Amendment covers the conduct prohibited by § 922(g)(1) . . ." *Id.* Thus, the Government bears the burden to demonstrate that the application of § 922(g)(1) is "consistent with the Nation's historical tradition of firearm regulation." *Id.* (quoting *Bruen*, 597 U.S. at 24) (internal quotation marks omitted); *see also United States v. Quinn*, 779 F. Supp. 3d 831, 836 (M.D. La. 2025). More plainly, the Government must show there is a historical analogue for the application of § 922(g)(1) to Defendant.

The United States contends that there are historical analogues—namely, burglary statutes in place at or around the era of our Founding—that support the application of § 922(g)(1) to Defendant. (Doc. 33 at 5–6). The United States cites numerous authorities for the proposition that burglary was a common-law felony punishable by death in England, (*Id.* at 6 (citing William Blackstone, *Commentaries on the Laws of England* 94–98, 228 (1769); Henry John Stephen, *Summary of the*

*Criminal Law* 94 (1840))). Moreover, the United States points the Court to various state statutes from the time of the Founding that explicitly made burglary a capital offense. *See, e.g.,* Laws of the State of New York Passed at the First Meeting of the 11th Session of the Legislature at 664–666 (1788); An Act Against Burglary, 1784 Mass. Acts & Laws January Session 242; An Act for the Punishment of Burglary and Robbery, 1783 Conn. Acts & Laws, October Session 633; An Act Against Murder, &c. § 5, 1702–1745 N.H. Laws, Province Period, Volume 2, at 313–315.

This Court, based on these arguments, has already upheld Indictments in the face of an as-applied attack on the constitutionality of a § 922(g)(1) charge supported by an underlying simple burglary conviction. *See United States v. Ennis*, No. 23-CR-00097, 2025 WL 310670 (M.D. La. Jan. 27, 2025) (Jackson, J.); *United States v. Joseph,* No. 24-CR-00041, 2025 WL 2111081 (M.D. La. July 28, 2025) (Jackson, J.). Defendant does not present any new arguments that the Court did not address in *Ennis* and *Joseph*, nor any compelling reason to depart from these recent holdings. Based on the authority described *supra* and the Fifth Circuit's ruling in *Diaz* regarding the constitutionality of § 922(g)(1) as applied to a defendant with a conviction for the similar offense of theft, the Court concludes that the United States has carried its burden under step two of the *Bruen* analysis to identify a historical analogue for the application of § 922(g)(1) to Defendant. The Court therefore concludes that § 922(g)(1) is constitutional as applied to Defendant and will deny Defendant's Motion.

## IV.    CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant's **Motion (Doc. 20)** be and is hereby **DENIED**.

Baton Rouge, Louisiana, this 3rd day of November, 2025

**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**